```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

PAUL ANTHONY WARD, §
TDCJ-CID NO. 1235138, §
 §
      Petitioner, §
 §
v. § CIVIL ACTION NO. H-07-1232
 §
NATHANIEL QUARTERMAN, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
      Respondent. §

**MEMORANDUM OPINION AND ORDER**

Petitioner, Paul Anthony Ward, filed an Application for Writ of Habeas Corpus for a Person in State Custody Under 28 U.S.C. § 2254 challenging his state court theft conviction (Docket Entry No. 1). Pending before the court is Respondent Nathaniel Quarterman's Motion for Summary Judgment with Brief in Support (Docket Entry No. 4). For the reasons stated below, Respondent's Motion for Summary Judgment will be granted, and Ward's Application for Writ of Habeas Corpus for a Person in State Custody Under 28 U.S.C. § 2254 will be denied.

**I.  Procedural History**

Ward is an inmate confined by the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID), pursuant to his April 26, 2004, conviction for the first-degree felony offense of

theft of property of a value over $200,000 under cause number 970274-A in the 179th District Court of Harris County, Texas.[1] The trial court accepted Ward's guilty plea, made without an agreed recommendation on punishment,[2] and sentenced Ward to forty years' imprisonment and a $10,000 fine.[3] Ward did not directly appeal the conviction.

On April 1, 2005, Ward filed a state habeas corpus application.[4] On March 14, 2007, the Texas Court of Criminal Appeals denied relief without written order on the findings of the trial court.[5]

On April 11, 2007, Ward filed the pending federal habeas corpus petition, claiming that his guilty plea was involuntary due to ineffective assistance of trial counsel. Specifically, Ward alleges that his lead trial counsel, Terry Collins, (a) failed to adequately investigate the value of the stolen property and (b) urged Ward to plead guilty without an agreed recommendation on punishment because Collins believed the trial judge would sentence Ward to probation.[6] These are the same claims raised in Ward's

---

[1] Ex parte Ward, Appl. No. WR-66,715-01, Docket Entry No. 5, pp. 439-40.

[2] Id. at pp. 425-32.

[3] Id. at pp. 439-40.

[4] Id. at pp. 2-174.

[5] Id. at cover.

[6] Application for Writ of Habeas Corpus for a Person in State Custody Under 28 U.S.C. § 2254, Docket Entry No. 1, pp. 1-22.

state habeas application. Respondent moves for summary judgment arguing that petitioner's guilty plea was voluntary and that petitioner's ineffective assistance of counsel claims are either waived by his guilty plea or are refuted by record evidence and lack merit.[7] Ward filed a response[8] to which respondent replied.[9]

## II. Standard of Review

### A. AEDPA

Ward's federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997) (holding that AEDPA applies to noncapital cases filed after its effective date, April 24, 1996). The intent of the AEDPA is to avoid federal habeas "retrials" and "ensure that state-court convictions are given effect to the extent possible under [the] law." Bell v. Cone, 122 S. Ct. 1843, 1849 (2002) (citing Williams v. Taylor, 120 S. Ct. 1495, 1518 (2000)).

The AEDPA establishes a highly deferential standard of review, which requires that state court decisions be given the benefit of

---

[7]Respondent's Motion for Summary Judgment with Brief in Support, Docket Entry No. 4, pp. 5-9.

[8]Petitioner's Response to Respondent's Motion for Summary Judgment, Docket Entry No. 6, pp. 1-12.

[9]Respondent's Reply to Petitioner's Response to Respondent's Motion for Summary Judgment with Brief in Support, Docket Entry No. 7, pp. 1-2.

the doubt.  Woodford v. Visciotti, 123 S. Ct. 357, 360 (2002).  A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court's decision

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "'Pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), and questions of fact are reviewed under § 2254(d)(2).'"  Martin v. Cain, 246 F.3d 471, 475-76 (5th Cir. 2001) (quoting Corwin v. Johnson, 150 F.3d 467, 471 (5th Cir. 1998)).

A state court decision is contrary to clearly established law if the decision contradicts the governing law set forth by the Court or if the state court decides a case differently than the Court's precedent when the facts are materially indistinguishable. Early v. Packard, 123 S. Ct. 362, 365 (2002) (quoting Williams, 120 S. Ct. at 1519).  A state court unreasonably applies federal law if the court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."  Williams, 120 S. Ct. at 1523.  To be an unreasonable application of federal law the state decision

must be objectively unreasonable and more than simply incorrect or erroneous. Lockyer v. Andrade, 123 S. Ct. 1166, 1174 (2003) (citing Williams, 120 S. Ct. at 1521-23).

Because the AEDPA grants great deference to state determinations of factual issues, a claim adjudicated on its merits in state court and based on factual decisions will not be overturned on factual grounds unless the court determines that the decision was both incorrect and objectively unreasonable. Williams, 120 S. Ct. at 1522. In reviewing a federal habeas petition, the court must presume that a factual determination made by the state court is correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**B.    Summary Judgment**

A court may grant summary judgment when the evidence shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). The moving party has the responsibility of informing the court of the basis for its summary judgment motion and "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . .'" that demonstrate no genuine issue of material fact. Id. at 2553. In

response, the non-movant must go beyond the pleadings and by affidavits, depositions, answers to interrogatories, or admissions on file show that there is a genuine issue of material fact requiring resolution through a trial. Id. If the nonmoving party is unable to meet this burden, the motion for summary judgment will be granted. Fed R. Civ. P. 56(c).

Rule 56 of the Federal Rules of Civil Procedure "applies with equal force in the context of habeas corpus cases." Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000). The rule, however, only applies to the extent that it does not conflict with habeas rules. Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002), overruled on other grounds by Tennard v. Dretke, 124 S. Ct. 2562 (2004). Generally, in ruling on a motion for summary judgment the court resolves any doubts and draws any inferences in favor of the nonmoving party, Hunt v. Cromartie, 119 S. Ct. 1545, 1551-52 (1999) (quoting Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986)), but 28 U.S.C. § 2254(e)(1) commands that factual findings of the state court are to be presumed correct. Thus, 28 U.S.C. § 2254(e)(1) overrides the general summary judgment rule. Smith, 311 F.3d at 668. The petitioner is required to rebut the presumption of correctness by clear and convincing evidence; otherwise, the court will presume the factual determination of the state court is correct. Id.; 28 U.S.C. § 2254(e)(1).

### III. <u>Analysis</u>

#### A. **Failure to Investigate**

Ward asserts that he received ineffective assistance of counsel because his counsel failed to investigate the precise value of the stolen property.[10]

The Constitution guarantees a criminal defendant effective assistance of counsel. U.S. CONST. amend. VI. A petitioner asserting an ineffective assistance of counsel claim must satisfy the standard set forth in <u>Strickland v. Washington</u>, 104 S. Ct. 2052 (1984). He must show that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defendant's case. <u>Strickland</u>, 104 S. Ct. at 2064.

With regard to the first prong, performance is deficient if it falls below an objective standard of reasonableness. <u>Id.</u> In making this determination judicial scrutiny of counsel's performance is to be highly deferential, <u>id.</u> at 2065, with "'[the court] . . . strongly presum[ing] that trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy[.]'" <u>West v. Johnson</u>, 92 F.3d 1385, 1400 (5th Cir. 1996) (quoting <u>Wilkerson v. Collins</u>, 950 F.2d 1054, 1065 (5th Cir. 1992)). A defendant must identify the acts or

---

[10] Application for Writ of Habeas Corpus for a Person in State Custody Under 28 U.S.C. § 2254, Docket Entry No. 1, pp. 16-21; Petitioner's Response to Respondent's Motion for Summary Judgment, Docket Entry No. 6, pp. 8-12.

omissions of counsel that are alleged not to be the result of reasonable professional judgment. Strickland, 104 S. Ct. at 2066. The court must then determine whether the identified acts were outside the wide spectrum of professionally reasonable assistance. Id. A mere error by counsel, even if professionally unreasonable, does not warrant setting aside the state court judgment if the error did not affect the judgment. Id.

Regarding the second prong, the appropriate test for determining actual prejudice is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 2068. In making this determination the focus is on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 113 S. Ct. 838, 844 (1993) (citing Strickland, 104 S. Ct. at 2064).

Ward asserted this same claim in his state application for writ of habeas corpus.[11] Because the Texas Court of Criminal Appeals denied Ward's state application, the state court adjudicated the claim on its merit. See Singleton v. Johnson, 178 F.3d 381, 384 (1999); Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim . . . ."). Therefore, in order for this court to grant habeas

---

[11] Ex parte Ward, App. No. WR-66,715-01, Docket Entry No. 5, pp. 23-24.

relief it must determine that the state court's denial of relief was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). The relevant issue before this court is "whether the state court's decision -- that [Ward] did not make the Strickland-showing -- was contrary to, or an unreasonable application of, the standards, provided by clearly established federal law (Strickland), for succeeding on his [ineffective assistance of counsel] claim." Schaetzle v. Cockrell, 343 F.3d 440, 444 (5th Cir. 2003) (emphasis omitted).

Ward argues that his counsel was ineffective for failing to investigate the value of the stolen property. Ward's trial counsel stated in his affidavit that he arranged a plea bargain with the State in which Ward would enter a guilty plea to first-degree felony theft of property of the value of more than $200,000, and in return the State would dismiss a pending charge of aggravated kidnapping.[12] Ward agreed to the plea bargain on the condition that the State supply evidence proving the value of the stolen property.[13] The prosecutor supplied Ward's counsel with a list of all the property on the hijacked truck that reflected a value of $343,338.34.[14] However, unbeknownst to Ward's counsel, the truck

---

[12] Id. at pp. 34-38.

[13] Id. at p. 36

[14] Id. at pp. 37, 45-96. These lists were provided by the trucking company, Cardinal Distribution.

-9-

company settled with its insurance provider for $150,000.[15] Ward therefore asserts that the true value of the stolen property was less than $200,000, and that but for his counsel's failure to investigate the precise value of the stolen property, Ward would not have pleaded guilty to first-degree felony theft and would instead have pleaded guilty to second-degree felony theft of property with a value between $100,000 and $200,000, which has a punishment cap of twenty years.[16]

The state habeas court found that the documentation valuing the property at $343,334.38 was sufficient to show that the fair market value of the property was more than $200,000 and that the $150,000 settlement was not indicative of a fair market value below $200,000.[17] The state court also found that Ward's counsel was not deficient in failing to conduct additional investigation as to the fair market value of the stolen property and that Ward was not prejudiced by his attorney's conduct.[18] Given Strickland's strong presumption that counsel rendered adequate assistance and that counsel's actions fall within a wide range of reasonable professional assistance, this court does not conclude that the

---

[15]Id. at p. 146.

[16]Application for Writ of Habeas Corpus for a Person in State Custody Under 28 U.S.C. § 2254, Docket Entry No. 1, p. 17.

[17]Ex parte Ward, Appl. No. WR-66,715-01, Docket Entry No. 5, p. 418, Findings of Fact Nos. 29 and 30.

[18]Id., Findings of Fact Nos. 31 and 32.

state court's decision was an unreasonable application of the first prong of the Strickland test.  Because Ward has not shown an unreasonable application of the first prong, the court need not address whether the state court's decision was an unreasonable application of the second prong of the test.  Murray, 736 F.2d at 282 ("A claim may be disposed of for either reasonable performance of counsel or lack of prejudice, without addressing the other [prong].").

**B.   Promise of Probation**

Ward next alleges that his guilty plea was not voluntary because his trial counsel promised Ward that he would receive probation.[19]  A guilty plea is valid if it is done knowingly, voluntarily, and intelligently, "'with sufficient awareness of the relevant circumstances and likely consequences.'"  Bradshaw v. Stumpf, 125 S. Ct. 2398, 2405 (2005) (quoting Brady v. United States, 90 S. Ct. 1463, 1469 (1970)).  "On federal habeas review, it suffices if a defendant is informed of the maximum term of imprisonment.  'As long as [the defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences.'"  Hobbs v. Blackburn, 752 F.2d 1079, 1082 (5th Cir. 1985) (quoting Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. 1981)).  "If . . . a defendant understands the nature of the

---

[19]Application for Writ of Habeas Corpus for a Person in State Custody Under 28 U.S.C. § 2254, Docket Entry No. 1, p. 2.

charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, that plea should be upheld on federal review." Diaz v. Martin, 718 F.2d 1372, 1376-77 (5th Cir. 1983) (citing Frank v. Blackburn, 646 F.2d 873, 882 (5th Cir. 1980)).

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Hill v. Lockhart, 106 S. Ct. 366, 369 (1985) (quoting North Carolina v. Alford, 91 S. Ct. 160, 164 (1970)). When a defendant is represented by counsel during the plea process and asserts that the plea's involuntariness is related to ineffective assistance of counsel, the court applies the two-part test announced in Strickland v. Washington, 104 S. Ct. 2052 (1984). Hill, 106 S. Ct. at 369-70. The petitioner must first show that counsel's performance was deficient. Id.; Strickland, 104 S. Ct. at 2064. In the context of a guilty plea this requires a showing that counsel's advice was not "within the range of competence demanded by attorneys in criminal cases." McMann v. Richardson, 90 S. Ct. 1441, 1449 (1970); Hill, 106 S. Ct. at 370 ("[T]he first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence already set forth in . . . McMann v. Richardson . . . ."). The petitioner next must show that counsel's deficient performance prejudiced the petitioner. Hill, 106 S. Ct. at 370; Strickland, 104 S. Ct. at

2064. Petitioner must show that but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. <u>Hill</u>, 106 S. Ct. at 370. If the petitioner makes an insufficient showing of one prong, the court need not address the other. <u>Murray v. Maggio</u>, 736 F.2d 279, 282 (5th Cir. 1984).

Ward argues that his guilty plea was involuntary because his trial counsel advised him to accept the plea agreement based on counsel's belief that the judge would place Ward on probation.[20] This advice, according to Ward, was a material misrepresentation that renders his plea involuntary.[21] In a written affidavit Ward's trial counsel admitted to telling Ward about counsel's "long-time personal friend[ship]" with the trial judge, that counsel "understood [the judge's] sentencing philosophy," and that counsel advised Ward to plead guilty to the theft charge.[22] Ward's counsel also stated, however, that he "was not attempting to suggest that [he] had an 'in' with the Judge."[23] Attorneys assisting with Ward's defense submitted affidavits stating that they overheard conversations between Ward and his lead counsel in which lead counsel commented on his relationship with the judge and his belief that Ward would be placed on probation.[24]

---

[20] <u>Id.</u> at p. 13.

[21] <u>Id.</u>

[22] <u>Ex parte Ward</u>, Appl. No. WR-66,715-01, Docket Entry No. 5, pp. 35-36.

[23] <u>Id.</u> at p. 36.

[24] <u>Id.</u> at pp. 213-14, 25-26, 29-31, 47-48.

-13-

On habeas review the state court considered all of the evidence and found that

> [Ward] fail[ed] to show that he was specifically promised, in exchange for his plea of guilty in the primary case, that he would receive probation to the extent that all other sentencing options were excluded from possibility; [Ward] further fail[ed] to show that he relied on such alleged promise despite the trial court's questioning and admonishments to the contrary.[25]
>
> . . . [Ward] was fully admonished in writing of the consequences of his plea, including a written admonishment that he was subject to the full range of punishment and that there was no recommendation by the State as to punishment.[26]
>
> . . . [A]t the time [Ward] entered his plea of guilty in the primary case, [Ward] understood that he was subject to the full range of punishment for a first degree felony.[27]
>
> Because [Ward] fails to show that he was denied the effective assistance of counsel . . . [he] fails to show that his plea of guilty was involuntary.[28]
>
> . . . [Ward] fails to show that there is a reasonable probability that, but for the alleged deficient conduct of counsel, the result of the proceeding would have been different.[29]

The Texas Court of Criminal Appeals adopted the trial court's findings when it denied habeas relief.[30]

---

[25] Id. at p. 417, Finding of Fact No. 25.

[26] Id. at p. 414, Finding of Fact No. 14.

[27] Id. at p. 417, Finding of Fact No. 24.

[28] Id. at p. 420, Conclusion of Law No. 5.

[29] Id., Conclusion of Law No. 6.

[30] Id. at cover page.

A federal habeas court is "bound by the state habeas court's factual findings, both implicit and explicit." Young v. Dretke, 356 F.3d 616, 629 (5th Cir. 2004). Under the AEDPA a factual determination made by a state court is "presumed to be correct," and the petitioner must show clear and convincing evidence in order to rebut this presumption. 28 U.S.C. § 2254(e)(1). Under Strickland, "[j]udicial scrutiny of counsel's performance must be highly deferential. . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 104 S.Ct. at 2065. With regard to the second prong of the Strickland test, a "mere possibility" that a different result might have occurred is not sufficient to demonstrate prejudice. Lamb v. Johnson, 179 F.3d 352, 359 (5th Cir. 1999).

Despite any conversations Ward had with his trial counsel regarding the possibility of probation, Ward signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," "Admonishments," and "Statement and Waivers of Defendant" when he gave his guilty plea.[31] Ward initialed the punishment section of the "Admonishments" form, which clearly and fully informed Ward of the possible consequences of a conviction for the offense he was pleading guilty to.[32] Ward then chose to

---

[31] Id. at pp. 425-432.

[32] Id. at p. 427.

plead guilty to the offense in open court after being thoroughly questioned by the state trial judge,[33] as evidenced by his signature.[34] Furthermore, Ward initialed other statements indicating that he was satisfied with his attorney, that he had consulted with his attorney, and that his plea was free, knowing, and voluntary.[35] Such statements of voluntariness in open court "carr[y] a strong presumption of verity." Deville v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994) (citing Blackhedge v. Allison, 97 S. Ct. 1621, 1629 (1977)). A petitioner bears a heavy burden when he later seeks to prove these statements were not freely and voluntarily made. Id.[36] The state court found that the trial court thoroughly admonished Ward prior to his entering his plea of guilty; that Ward told the court he understood that by pleading guilty he was subject to the full range of punishment, including confinement in the penitentiary for not less than five years or more than ninety-nine years or life, as well as the possibility of a fine not to exceed $10,000; and that Ward also understood that the court would withhold a finding of guilt and reset the case for sentencing pending the completion of a presentence investigation report.[37] "A guilty plea is not rendered involuntary by the

---

[33] Id. at pp. 99-103.

[34] Id. at p. 432.

[35] Id. at pp. 425-432.

[36] Id.

[37] Id. at p. 415, Finding of Fact No. 17.

defendant's mere subjective understanding that he would receive a lesser sentence." <u>Daniel v. Cockrell</u>, 283 F.3d 697, 703 (5th Cir. 2002). This court therefore does not conclude that the state court's decision was incorrect or objectively unreasonable. <u>Williams</u>, 120 S. Ct. at 1522.

## IV.  <u>Conclusion and Order</u>

The court **ORDERS** the following:

1. Respondent Quarterman's Motion for Summary Judgment with Brief in Support (Docket Entry No. 4) is **GRANTED**.

2. Ward's Application for Writ of Habeas Corpus for a Person in State Custody Under 28 U.S.C. § 2254 (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 18th day of July, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE